IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>    Plaintiff,<br>  v.<br>FACEBOOK, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-4202 SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS FOR A STAY** |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>    Plaintiff,<br>  v.<br>GROUPON, INC.,<br><br>    Defendant.<br>_____/ | No. C 13-4204 SI |

Defendants in these parallel patent infringement actions have each filed a motion to stay the proceedings pending inter partes review. A hearing on the motions is currently scheduled for January 24, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions to stay.

**BACKGROUND**

In the present parallel actions, plaintiff Evolutionary Intelligence, LLC accuses defendants Facebook, Inc. and Groupon, Inc. of infringing U.S. Patent No. 7,010,536 ("the '536 patent") and U.S. Patent No. 7,702,682 ("the '682 patent").

On October 17, 2012, Evolutionary Intelligence filed complaints in the Eastern District of Texas against defendants Facebook and Groupon. 13-cv-4202, Docket No. 1; 13-cv-4204, Docket No. 1. On August 27, 2013, Magistrate Judge Caroline Craven granted defendants' motions to transfer venue, and the actions were transferred to this District on September 11, 2013. 13-cv-4202, Docket Nos. 112, 114; 13-cv-4204, Docket Nos. 71, 73. On October 22 and 23, 2013, several companies, including Facebook, filed eight petitions for inter partes review with the U.S. Patent and Trademark Office ("PTO"), combining to seek review of all the claims in the patents in suit. 13-cv-4202, Docket No. 129-1, Mace Decl. Ex. 1. By the present motions, defendants move to stay the actions pending the inter partes review of the patents in suit.[1] 13-cv-4202, Docket No. 128; 13-cv-4204, Docket No. 96.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In determining whether to grant a stay pending PTO review, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*, 2013 U.S. Dist. LEXIS 118723, at *11 (N.D. Cal. Aug. 16, 2013). "There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *5 (N.D. Cal. Sept. 28, 2009); *see also*

---

[1] Four other parallel patent infringement actions by Evolutionary Intelligence have been stayed pending the inter partes review of the patents in suit. *See Evolutionary Intelligence, LLC v. Yelp, Inc.*, 13-cv-3587-DMR, Docket No. 108 (N.D. Cal. Dec. 18, 2013); *Evolutionary Intelligence, LLC v. Apple Inc.*, 13-cv-4201-WHA, Docket No. 123 (N.D. Cal. Jan. 9, 2014); *Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*, 13-cv-4203-MMC, Docket No. 99 (N.D. Cal. Jan. 10, 2014); *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, 13-cv-4205-WHO, Docket No. 96 (N.D. Cal. Jan. 17, 2014). In addition, a motion to stay is pending in the parallel action *Evolutionary Intelligence, LLC v. Twitter, Inc.*, Case No. 13-cv-4207-JSW.

2

*Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations.").

## DISCUSSION

### I.      Stage of the Litigation

The first issue to be considered in determining whether to grant a stay pending inter partes review is whether discovery is complete and whether a trial date has been set. These two actions are still in their infancy. Little discovery has occurred: plaintiff has engaged in venue discovery and served infringement contentions and a set of interrogatories. 13-cv-4202, Docket No. 133-4 at 3-4, 16. The claim construction hearing dates, discovery deadlines, and trial dates for the two actions have not been set. "When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending inter partes [review]." *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 U.S. Dist. LEXIS 117147, at *6-7 (N.D. Cal. Oct. 11, 2011) (granting stay where plaintiff had served infringement contentions and written discovery); *see also Tse v. Apple Inc.*, 2007 U.S. Dist. LEXIS 76521, at *5 (N.D. Cal. Oct. 4, 2007) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."). Accordingly, this factor weighs in favor of a stay.

### II.     Simplification of the Case

The second factor to be considered is whether the stay would simplify matters at issue before the Court. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 U.S. Dist. LEXIS 22517, at *4-5 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). This is particularly true when a party has obtained PTO review of each of the asserted claims in the patents-in-suit.

3

*Universal Elecs.*, 943 F. Supp. 2d at 1032; *see also Yodlee, Inc. v. Ablaise Ltd.*, 2009 U.S. Dist. LEXIS 5429, at *12 (N.D. Cal. Jan. 16, 2009) ("To truly simplify the issues . . . the outcome of the reexamination must 'finally resolve all issues in the litigation.'"). Here, inter partes review has been sought for all the claims in the patents in suit. Therefore, if the petitions for review are granted, there is a chance that the review could simplify the case by rendering all of Evolutionary Intelligence's claims for infringement moot. *See Fresenius*, 721 F.3d at 1340; *see also Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S. Dist. LEXIS 178547, at *23 (N.D. Cal. Dec. 2013) ("Here, if the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified.").

Moreover, even if all of the asserted claims survive inter partes review, the case could still be simplified because Facebook would be bound by the estoppel provisions for inter partes review and thus could not raise before this court any arguments that it raised or reasonably could have raised at the PTO in its petition. *See* 35 U.S.C. § 315(e)(2); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 U.S. Dist. LEXIS 133707, at *15 (N.D. Cal. Sept. 17, 2013). Further, although Facebook's petition did not challenge all of the asserted claims, Facebook agrees to be estopped from raising before this Court any invalidity grounds that were raised and finally determined by the PTO in the other petitions. 13-cv-4202, Docket No. 135 at 8. The Court recognizes that Groupon is not a party to the petition and has not agreed to be bound by the petitions. 13-cv-4204, Docket No. 200 at 10-11. The Court agrees with Evolutionary Intelligence that Groupon's failure to agree to be bound weakens this factor as it applies to Groupon's motion. Nevertheless, even if Groupon is not bound by the petitions, simplification of the issues could still occur in the event the PTO affirms the claims because the PTO's upholding of the claims "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." *Internet Patents Corp. v. eBags, Inc.*, 2013 U.S. Dist. LEXIS 122868, at *11 (N.D. Cal. Aug. 28, 2013).

Evolutionary Intelligence argues that defendants' motions to stay are premature. 13-cv-4202, Docket No. 133-4 at 8-9. Specifically, plaintiff argues that it is unclear at this stage whether the PTO's review will simplify the case because the PTO has yet to decide whether to grant the petitions and

4

institute review. *Id.* However, "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus AV*, 2011 U.S. Dist. LEXIS 117147, at *10 (collecting cases). The PTO must issue its decision on whether to grant the petitions within six months after the date they were filed. *See* 35 U.S.C. §§ 313-14. Therefore, the PTO must issue its decision on the petitions by late April 2014. In addition, if parts of the petitions are denied by the PTO, any party may file a motion to lift the stay, and the Court will reevaluate whether to continue the stay in light of the PTO's determinations. Therefore, any concern that the motions are premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if inter partes review is not instituted for all of the asserted claims. Accordingly, the Court concludes that this factor weighs in favor of a stay.

## III. Undue Prejudice

The last factor to be considered is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. The "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *10 (N.D. Cal. Sept. 28, 2009); *accord Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("the likely length of reexamination is not, in itself, evidence of undue prejudice").

Evolutionary Intelligence argues that it would be prejudiced because a stay would cause the spoliation of critical evidence. 13-cv-4202, Docket No. 133-4 at 10-13. Plaintiff speculates that the defendants' source code would not be preserved during the stay. *Id.* Plaintiff also speculates that witnesses with knowledge about the source code may leave the defendants' companies during the time of the stay. *Id.* But, "[s]peculative assertions that evidence may be lost as a result of a stay pending reexamination are insufficient." *Yelp*, 2013 U.S. Dist. LEXIS 178547, at *23. Both defendants have represented to the Court that they adequately maintain and preserve their source code. 13-cv-4202, Docket No. 135 at 11; 13-cv-4204, Docket No. 100 at 9. Plaintiff has failed to present the Court with any specific evidence demonstrating that "the risk of evidence loss is greater here than in any other case and that it amounts to more than the delay inherent to the reexamination process." *Pragmatus*, 2011

U.S. Dist. LEXIS 117147, at *12; *see also Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 2763, at *9-10 (N.D. Cal. Jan. 9, 2014) ("Evolutionary alleges that Apple's source code is frequently modified as new versions are released, employees often leave Apple, and a stay of up to two years could harm Evolutionary's ability to obtain discovery because memories fade. This argument is untenable. Without specific evidence based on sworn testimony that spoliation has in fact occurred, a vague generalized 'loss of evidence' argument is unpersuasive.").

Evolutionary Intelligence also argues that it would be prejudiced because a stay would deprive it of its ability to exclude others from practicing the invention. 13-cv-4202, Docket No. 133-4 at 13-16. Plaintiff concedes that it is a non-practicing entity. *Id.* at 14. Plaintiff attempts to argue that it is not a typical non-practicing entity because it has licensed its patent to a third party that is engaging in efforts to develop software that embodies the patents in suit. *Id.* However, potential harm to non-parties is irrelevant to this factor. *See Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 U.S. Dist. LEXIS 186322, at *9 (C.D. Cal. Dec. 19, 2012) ("While [plaintiff] SEL claims that Sharp and Sony—both of which fund SEL research and license LCD technology from SEL—will be at a competitive disadvantage, . . . the Court need only weigh the prejudice to the non-moving party—SEL itself."). Even assuming a non-party is currently developing a product that embodies the patents, it does not change the fact that plaintiff itself is a mere licensor of the patents and does not practice the claimed inventions. "'[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.'" *Pragmatus AV*, 2011 U.S. Dist. LEXIS 117147, at *11.

Finally, Evolutionary Intelligence argues that defendants' motions to stay are simply a delay tactic because the petitioners waited until the last possible day to file their petitions for inter partes review. 13-cv-4204, Docket No. 99 at 10-11. In response, defendants argue that the petitioners were entitled to file the petitions at that time under 35 U.S.C. § 315(b). 13-cv-4204, Docket No. 100 at 5-6. Section 315(b)'s one year limit "sets a ceiling on the PTO's ability to commence inter partes review where there is ongoing litigation. The one year ceiling does not change the fact that delay in seeking the PTO's review of a patent within that year can adversely affect a district court's view of a request for a stay pending review." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028,

6

1030 (C.D. Cal. 2013).[2] Nevertheless, although the Court does not condone the petitioners waiting until the last possible day to file their petitions, the Court concludes that this factor overall slightly weighs in favor of a stay.

## CONCLUSION

All factors weigh in favor of staying the actions pending inter partes review of the patents in suit. Accordingly, for the foregoing reasons and for good cause shown, the Court GRANTS defendants' motions to stay pending inter parties review.

**The parties shall file a joint status report within seven days of the PTO issuing its final decisions on all of the petitions for inter partes review challenging the patents in suit, informing the court of the PTO's decisions. In addition, every 90 days the parties shall file a joint status report advising as to the status of the inter partes review proceedings.** Because the actions are stayed, the case management conferences scheduled for January 24, 2014 are vacated.

**IT IS SO ORDERED.**

Dated: January 23, 2014

SUSAN ILLSTON
United States District Judge

---

[2] As Judge Alsup noted in a parallel *Evolutionary Intelligence* case, "this reeks of gamesmanship. This action was filed in October 2012. [Defendant] did not have to wait until the last day of the statutory period—in October 2013—to file its inter partes review petitions. [It] also did not have to wait until December 2013 to file this motion to stay." *Apple*, 2014 U.S. Dist. LEXIS 2763, at *11. However, Judge Alsup granted the requested stay in that action, as does the Court here.

7